ANNA ORIEL DENNIS, by A. F. KEENE, Public Administrator, v. MODERN BROTHERHOOD OF AMERICA, Appellant.

**Division One, November 30, 1910.**

1. **APPELLATE JURISDICTION:** Constitutional Question: Discrimination Against Citizens of Another State. When sued by a citizen of this State upon a policy issued to a citizen of this State, a fraternal beneficiary association, organized under laws of another State, cannot be heard to complain that the statute, which prohibits recovery on an insurance policy in case of the suicide of the insured, can be invoked as a defense only by companies organized or licensed to do business in this State, and so construed is unconstitutional and void, in that it grants

to policy-holders who are citizens of this State special rights, privileges and immunities not given to policy-holders who are citizens of another State. The discrimination against policy-holders of another State is not up for adjudication in such case, and a defendant foreign company which has failed to comply with the laws permitting it to do business in this State, cannot raise the point for them. And it having been held in another case against the same defendant that the defendant cannot raise any such constitutional question, and there being no other ground upon which the Supreme Court can have jurisdiction over an appeal from a judgment for $2217, the case is transferred to the Court of Appeals.

2. —————: **Conflict in Decisions of Courts of Appeals.** A case having been appealed to the Supreme Court over which it had no jurisdiction when it was lodged here, will not be retained on the ground that the two courts of appeal have rendered antagonistic opinions on some of the vital questions up for judgment.

Appeal from Adair Circuit Court.—*Hon. Nat M. Shelton,* Judge.

Transferred to Kansas City Court of Appeals.

*Kinley & Kinley* for appellant.

*N. A. Franklin, Campbell & Ellison, Higbee & Mills* and *B. L. Robison* for respondent.

LAMM, P. J—Tried in Adair on a change of venue from Putnam, this suit was instituted on behalf of Anna Oriel Dennis against the Modern Brotherhood of America, doing business in this state as a fraternal beneficiary association insuring the lives of its members, and against disability by accident or old age. Defendant, organized and incorporated under the laws of Iowa, was admitted to do business in this state, in issuing benefit membership certificates, in 1898, under our fraternal beneficiary laws. On December 3, 1900, it issued to John P. Dennis a membership certificate, entitling his beneficiary to participate in its mortuary fund in a sum not exceeding two thousand dollars in

case of his death—the policy made void by a policy provision in case of suicide.  Mr. Dennis died by his own hand.  His minor daughter, Anna Oriel, sues as beneficiary.  Plaintiff's theory is that there is liability notwithstanding Mr. Dennis took his own life, notwithstanding certain statutory provisions peculiar to fraternal insurance in that behalf, and notwithstanding the contract provision that the policy became void in event of *felo de se*.  Defendant defends on the theory that it is a fraternal beneficiary association, that the statutory provisions relating to the defense of suicide applicable to old-line life insurance companies do not apply to its policies; and that the policy provision relating to suicide, therefore, is valid.  There is a further defense that if defendant is not protected because of being a fraternal beneficiary association, but is held to be an old-line company, then our statute precluding the defense of suicide in suits on old-line policies, except on a named condition, is unconstitutional and void under both the Federal and state Constitutions, in that it grants to the citizens of this state who hold its policies, special rights, immunities and privileges not given to policy-holders, citizens of other states—an idea of great antiquity, originating with Moses, or borrowed by him from the common law of Egypt or Asia, witness Lev. 24, 22 :  "Ye shall have one manner of law, as well for the stranger, as for one of your own country."  The constitutional point, raised by answer and by instructions, was brought forward in the motion for a new trial.  Following a judgment for plaintiff for the policy sum payable on a death loss with interest, aggregating $2217, the case went on appeal to the Kansas City Court of Appeals.  That court transferred it to this on the theory that the constitutional question ousted its jurisdiction.

It appears that Mr. Dennis at the time of joining defendant association and receiving his benefit certificate was a citizen of Missouri and a resident of Putnam

county. He remained such citizen and resident to the time of his death, joining the order as a member of a local lodge No. 750, at Lemonville, Putnam county. .

In Ordelheide, Admr. of Leek, v. Modern Brotherhood of America, 226 Mo. 203, the present defendant was sued on a similar policy of insurance to recover a death loss. In that case, on the same constitutional point, we ruled that defendant was not entitled to invoke it. We put our ruling on the theory that the company was not prejudiced by the statute, and that it could not raise the point of discrimination against policy-holders who were the citizens of another state, thereby assuming to champion the wrongs of others whose rights were not up for adjudication; that it would be time enough to consider whether the statute in question impinged on constitutional safeguards when a citizen of another state, claiming his rights have been discriminated against in favor of the citizens of this state, calls in the aid of our courts to pronounce the statute void as to him, his property, immunities or rights. We can add nothing of value to the discussion in the Ordelheide case, remaining satisfied with the conclusion there reached. As we ruled there, so we rule here, and, as the Ordelheide case must control, it should be read with this. It was decided after the Court of Appeals transferred the case at bar here. Doubtless the transfer would not have been made if the Ordelheide case had been decided prior to the order. On the authority and reasoning of that case we must hold we have no jurisdiction. The case should, therefore, be retransferred to the Kansas City Court of Appeals for the determination of the learned brethren of that bench.

A point is made in appellant's brief to the effect that the Kansas City Court of Appeals and the St. Louis Court of Appeals have rendered antagonistic opinions on some of the vital questions up for judgment. But there is a well marked and well known,

straight and narrow constitutional way to confer jurisdiction upon the Supreme Court as final arbiter in such conflict, if any exists.   Obviously, the case is not now here in that constitutional way.   Hence, we may not assume jurisdiction on that score.

Let the case be retransferred to the Kansas City Court of Appeals.   It is so ordered.   All concur.